IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNA CAITLAND JONES                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:19-CV-258-SA-DAS

ANDERSON ROAD OXFORD, LLC
D/B/A THE RETREAT AT OXFORD                                                                    DEFENDANT

ORDER AND MEMORANDUM OPINION

Anna Caitland Jones initiated this action on November 15, 2019 by filing her Complaint [1] against Anderson Road Oxford, LLC d/b/a The Retreat at Oxford ("The Retreat"). On October 30, 2020, The Retreat filed a Motion for Summary Judgment [41]. The Motion [41] has been fully briefed, and the Court is prepared to rule.

*Factual and Procedural History*

On November 16, 2016, the Plaintiff was involved in a car accident at an intersection located within the parking lot of The Retreat—an apartment complex in Oxford, Mississippi. The wreck involved the Plaintiff, who was a resident at The Retreat, and Jaelin Johnson, a third-party. Johnson approached the intersection in her vehicle traveling east while the Plaintiff approached the intersection in her vehicle traveling south—thus, perpendicular to one another. The intersection was a four-way intersection but only a two-way stop, with travelers driving east and west being instructed to stop while travelers driving north and south under no duty to stop. However, not long before the wreck, a stop sign which would have instructed Johnson to stop had gone missing.[1]

The Plaintiff, who had no duty to stop while traveling in the southbound lane, stated both to Oxford Police Department and at her deposition that she knew the aforementioned stop sign was

---

[1] The Retreat's agents were aware of the sign missing at least three days prior to the accident. *See* Kelley Deposition [41-6, p. 16].

missing and, therefore, out of an abundance of caution, she slowed to check for oncoming traffic when she approached the intersection. The Plaintiff further stated that, after looking both ways twice, she saw no oncoming traffic and proceeded through the intersection. Johnson, on the other hand, told a responding officer from Oxford Police Department that she also stopped at the intersection, despite the stop sign missing. Notwithstanding these alleged efforts by both parties, a collision between the two vehicles occurred in the intersection. The collision was serious enough for the Plaintiff's airbags to deploy on the side where Johnson's car struck her car. The Plaintiff testified at her deposition that she has undergone extensive pain management, physical therapy, and other treatment because of the injuries she sustained in the accident.

The Plaintiff filed suit against The Retreat, alleging that it was negligent in failing to replace the stop sign. The Retreat now seeks summary judgment on that claim.

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor

of the non-movant, "but only when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Analysis and Discussion*

Sitting in diversity, this Court must apply state substantive law and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 2219, 135 L. Ed. 2d 659 (1996). Under Mississippi law, the four elements of a negligence claim are "duty, breach of duty, causation between the breach of the duty and the injury, and actual damage." *Gulfport OB-GYN, P.A. v. Dukes, Dukes, Keating & Faneca, P.A.*, 283 So. 3d 676, 679 (Miss. 2019) (citing *Bullard v. Guardian Life Ins. Co of Am.*, 941 So. 2d 812, 815 (Miss. 2006). In a landlord/tenant arrangement where a property is leased to multiple tenants, "the lessor, with respect to common areas, has the duty to use reasonable care to keep the common areas reasonably safe and is liable for damages for failure to perform the duty." *Cappaert v. Junker*, 413 So. 2d 378, 380 (Miss. 1982). Parking lots of apartment complexes are considered common areas in this context. *See Doe v. Hallmark Partners, LP*, 227 So. 3d 1052, 1057 (Miss. 2017).

The causation element of a negligence claim has two aspects: (1) cause in fact or factual cause; and (2) proximate or legal cause. *Gulfport OB-GYN*, 283 So. 3d at 679 (citing *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 529 (Miss. 2019)). The existence of factual cause "depends on whether the plaintiff's injury would have occurred but for the defendant's

3

negligence." *Funches v. Progressive Tractor & Implement Co.*, L.L.C., 905 F.3d 846, 851 (5th Cir. 2018) (citation omitted). Legal cause, on the other hand, hinges on whether the damage is the type of damage that the tortfeasor should have reasonably expected to result from their negligence. *Id.* at 852 (citation omitted). Both factual and legal cause must be shown in order for the Plaintiff to prevail. *Gulfport OB-GYN*, 283 So. 3d at 679. Furthermore, "[w]hen a plaintiff's injuries are the result of the negligence of more than one tortfeasor, the test is whether the negligence of a particular tortfeasor was a substantial factor in bringing about the harm." *Glenn v. Peoples*, 185 So. 3d 981, 986 (Miss. 2015) (citation omitted) (internal quotations omitted).

Additionally, the Mississippi Supreme Court has clearly and consistently held that "negligence may be proved by circumstantial evidence where circumstances are such as to remove the case from the realm of conjecture and place it within the field of legitimate inference." *Weathersby Chevrolet Co. v. Redd Pest Control Co.*, 778 So. 2d 130, 133 (Miss. 2001) (citing *Kussman v. V & G Welding Supply, Inc.*, 585 So. 2d 700, 703 (Miss.1991)) (citation omitted). Lastly, "when [a negligence case] turns on circumstantial evidence it should rarely be taken from the jury." *Davis v. Flippen*, 260 So. 2d 847, 848 (Miss. 1972) (citing *Cameron v. Hootsell*, 90 So. 2d 195, 197 (Miss. 1956)).

Applying these principles to the case at bar, The Retreat owed a duty to the Plaintiff on its privately maintained parking lot and roadway as a common area. *See Doe*, 227 So. 3d at 1057 (holding apartment parking lots are common areas); *see also Cappaert*, 413 So. 2d at 380 (holding lessors owe a duty to keep common areas reasonably safe on properties leased to multiple tenants). Mallory Kelley, The Retreat's General Manager, testified that The Retreat was made aware of the missing stop sign on November 13, 2016. *See* Kelley Deposition [41-6, p. 16]. She further testified that at some point before the accident, The Retreat had a new stop sign in its possession but had

4

not yet replaced it when the accident occurred on November 16, 2016. *See* Kelley Deposition [41-6, p. 24]. Although it does not admit that its failure to replace the stop sign sooner constituted a breach of its duty, for purposes of the present Motion [41], the Defendant asserts that, regardless of whether a breach occurred, the Plaintiff cannot satisfy the causation element of her negligence claim.

In arguing that the Plaintiff cannot satisfy the causation element, the Defendant contends that the absence of the sign was not a factor in either driver's decision to enter the intersection and, therefore, the sign's absence could not have been the cause of, or played a substantial factor in, the accident. The Defendant supports this contention by citing *New Orleans & N. E. R. Co. v. Burge*, 2 So. 2d 825, 826 (Miss. 1941). In *Burge*, the Mississippi Supreme Court held that an alleged tortfeasor's negligence is not a substantial factor in causing injury to the plaintiff if the harm would have been sustained regardless of the alleged tortfeasor's negligence. *Id.* at 826. In context, the Defendant contends that even if there was a duty owed and a breach of that duty, Johnson's alleged stopping at what should have been the stop sign served as an intervening factor between the apartment complex's alleged negligence and the injury sustained by the Plaintiff. This is because, according to the Defendant, the two cars entered the intersection in the same manner that they would have if the stop sign had been in place. Thus, The Retreat's assertion is that the missing stop sign did not in any way contribute to the accident.

Hypothetically, under the guise of *Burge*, the Defendant's argument would be correct. If the sequence of events in this case transpired in a manner exactly as they would have with the presence of the stop sign, the apartment complex's negligence would likely not be considered a substantial factor in causing the Plaintiff's injuries. The Defendant's argument, however, is not

without fault, as it hinges solely on the substance of the police report containing the responding officer's account of what Johnson told him at the scene of the accident.

The police report, which the Defendant uses to support its contention as to how the accident occurred, was prepared by the responding officer of the Oxford Police Department. Specifically, The Retreat relies upon the language contained in the Report that states "JOHNSON stated she stopped at the stop sign and didn't seen any vehicle coming." [41-3, p. 2]. It is important to note here that at this stage in the proceedings, the Court's duty is only to determine whether there is a genuine issue of material fact. In response, the Plaintiff, relying on Rule 56(c)(2) of the Federal Rules of Civil Procedure, argues that the police report containing the officer's report of what Johnson told him at the scene of the accident is inadmissible hearsay. Rule 56(c)(2) allows a litigant to make an objection on the basis that a fact is not supported by evidence that can be made admissible, specifically providing that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).

The Plaintiff, here, contends that the police report is inadmissible specifically because it is unauthenticated. However, "at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (citing *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citation omitted). Notwithstanding, when a party does object to summary judgment evidence "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Sharkey v. Humphreys Cty., Mississippi*, No. 4:18-CV-17-DMB-JMV, 2020 WL 96902, at *2 (N.D. Miss. 2020) (citing FED. R. CIV. P. 56 Advisory Committee's note to 2010 amendment). Thus, although evidence need not be authenticated at the summary judgment stage,

6

if one party objects to summary judgment evidence in a timely fashion, it puts the other party on notice that they must show the admissible form or explain the anticipated form. *See Maurer*, 870 F.3d at 385 (holding that an opposing party objecting to summary judgment evidence puts the proffering party on notice to explain the admissible form anticipated); *see also Sharkey*, 2020 WL 96902, at *2.

The strength of the evidence, in terms of the police report, is especially important in this case given the fact that the Defendant's main line of defense hinges on its substance. The Plaintiff certainly raised a timely objection to the defects in the summary judgment evidence in her Response [47]. This put the Defendant on notice that it would need to come forward with admissible evidence to support its contention or to explain how it intends to submit the report in admissible form. *See Maurer*, 870 F.3d at 384; *see also Sharkey*, 2020 WL 96902, at *2. This is especially true, in the Court's view, for evidence so vital to the Defendant's argument. In its Reply [50], the Defendant failed to show the admissible form or how the evidence will be converted to admissible form.

Setting aside the Defendant's procedural failure on this point, Fifth Circuit precedent requires the Court here to consider whether unauthenticated evidence could be presented in admissible form and if so, to consider its substance. *See Patel*, 941 F.3d at 746 (holding the district court abused discretion and erred by not considering two unsworn expert reports at the summary judgment stage without considering if they could be put into admissible form). In so doing, this Court acknowledges that the substance of the police report could potentially be introduced in an admissible form. However, even if the Defendant had done so, summary judgment still would not be appropriate in this case. The Defendant contends in its Reply [50] that "[t]here is no evidence before the Court that Johnson, the other driver, failed to stop at the intersection." The Court

7

disagrees. Without even taking into account the above-referenced issues associated with consideration of the police report at this stage in the proceedings, there is certainly circumstantial evidence in this case to create an inference that Johnson ran the stop sign because it was missing. The collision was severe enough to cause the Plaintiff's airbags to deploy and cause her serious, long term, documented injuries. It follows that the circumstantial evidence here removes "the case from the realm of conjecture and place it within the field of legitimate inference." *Weathersby Chevrolet Co.*, 778 So. 2d at 133 (citing *Kussman*, 585 So. 2d at 703) (citation omitted). As noted above, such cases should rarely be taken from the jury. *See Davis*, 260 So. 2d at 848 (citing *Cameron*, 90 So. 2d at 197).

Ultimately, this case, in the Court's view, constitutes a textbook example of one which must be left to a jury to decide. Summary judgment is not warranted.

*Conclusion*

For the reasons set forth above, the Defendant's Motion for Summary Judgment [41] is DENIED.

SO ORDERED, this the 4th day of January, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE